## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

───────────────────────────────X
BASF CORPORATION,

           Plaintiff,

  -against-

FLETCHER'S AUTO BODY & COLLISION
CENTER, LLC. and TROY FLETCHER

           Defendants.
───────────────────────────────X

Civil Action No. 2:19-cv-2234-RMG

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants Fletcher's Auto Body & Collision Center, LLC. ("Fletcher's Auto Body") and Troy Fletcher (collectively "Defendants"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. On information and belief, Fletcher's Auto Body is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business at 408 Old Trolley Road, Summerville, SC 29485. Troy Fletcher is Fletcher's Auto Body's registered agent for service of process at 408 Old Trolley Road, Summerville, SC 29485.

3. On information and belief, Troy Fletcher is an individual and a citizen of the State of South Carolina and may be personally served at 408 Old Trolley Road, Summerville, SC 29485.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Fletcher's Auto Body is a body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

6. Troy Fletcher is the owner of Fletcher's Auto Body.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of South Carolina. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in South Carolina.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## **GENERAL ALLEGATIONS**

### *The Terms of the Requirements Agreement*

10. On or about March 30, 2017, BASF and Fletcher's Auto Body entered into Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Fletcher's Auto Body was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,346,000.00 of Refinish Products ("Minimum Purchases") in the aggregate at suggested refinish pricing.

12. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Fletcher's Auto Body $145,000 ("New Consideration") in consideration of fulfilling all of its obligations under the Requirements Agreement.

13. Also pursuant to Paragraph 3 of the Requirements Agreement, Fletcher's Auto Body agreed to assume liability for $64,255 in unearned consideration that it had previously received from BASF pursuant to a prior agreement dated February 2016 (" the "Contract Fulfillment Consideration" is the combined "Previous Consideration" and the New Consideration, equaling $209,255).

14. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Fletcher's Auto Body purchasing a minimum of $1,346,000.00 of Refinish Products, Fletcher's Auto Body was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

15. As part of the Requirements Agreement, Troy Fletcher signed a personal guaranty under which he guaranteed Fletcher's Auto Body's performance under the terms of the Requirements Agreement ("Personal Guaranty"), including but not limited to the repayment of the Contract Fulfillment Consideration to BASF.

### *Defendants' Breach of the Requirements Agreement*

16. On or about December 2017, Fletcher's Auto Body, without any justification, breached and ultimately terminated the Requirements Agreement by, among other things, failing to purchase one hundred percent of its requirements for Refinish Products from BASF.

17. Since at least December 2017, Fletcher's Auto Body has failed and refused to purchase any further Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement.

18. Fletcher's Auto Body's purchases of Refinish Products between signing the Requirements Agreement and the breach totaled only $76,091.07, less than one-fifth of its minimum purchase requirement of $1,346,000.00 of Refinish Products. A purchase balance of at least $1,269,908.93 remains due and owing under the terms of the Requirements Agreement.

19. In violation of Paragraph 3 of the Requirements Agreement, Fletcher's Auto Body has failed and refused to refund BASF the sum of $230,180.50, which represents 110% of the $209,255.00 in unearned Contract Fulfillment Consideration.

20. Troy Fletcher has also failed and refused to refund the $230,180.50 as required by the Personal Guaranty.

21. Also, pursuant to the Personal Guaranty, Troy Fletcher owes BASF the purchase balance of at least $1,269,908.93 of Refinish Products due and owing under the terms of the Requirements Agreement.

22. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

23. Defendants have to this day failed to satisfy their obligations under the terms of the Requirements Agreement, including returning the $230,180.50 in Contract Fulfillment Consideration due to BASF.

## COUNT 1

### Breach of Contract Against Fletcher's Auto Body

24. BASF incorporates by reference the allegations contained in the above paragraphs.

25. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Fletcher's Auto Body was required to purchase from BASF one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,346,000.00 of Refinish Products in the aggregate at suggested refinish pricing over the Term.

26. Despite its obligations under the Requirements Agreement and in breach thereof, Fletcher's Auto Body has failed to meet its minimum purchase requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

27. The amount of outstanding minimum purchase requirements for Refinish Products by Fletcher's Auto Body pursuant to the Requirements Agreement was approximately $1,269,908.93 as of the date of the filing of this Complaint.

28. As a result of the unjustified breach of the Requirements Agreement by Fletcher's Auto Body without legal excuse and, pursuant to Paragraph 3 of the Requirements Agreement, Defendant was obligated to repay to BASF $230,180.50.

29. As of the date of the filing of this Complaint, Defendant has damaged BASF in the following amounts under the Requirements Agreement:

   a. $230,180.50 for refund of the Contract Fulfillment Consideration; and
   b. $1,269,908.93 for the remaining balance of Fletcher's Auto Body's minimum purchase requirement of $1,346,000.00.

30. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Fletcher's Auto Body's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $1,500,089.43.

## COUNT II

### Breach of Contract Against Troy Fletcher

31. BASF incorporates by reference the allegations contained in the above paragraphs.

32. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Troy Fletcher personally guaranteed Fletcher's Auto Body's obligations to BASF under the Requirements Agreement, including the return of the Contract Fulfillment Consideration.

33. Despite his obligation under the Personal Guaranty of the Requirements Agreement and in breach thereof, Troy Fletcher has failed to pay BASF the amounts due and owing by Fletcher's Auto Body under the Requirements Agreement.

34. As of the date of the filing of this Complaint, Troy Fletcher has damaged BASF in the following amounts under the Requirements Agreement:

   a. $230,180.50 for refund of the Contract Fulfillment Consideration; and
   b. $1,269,908.93 for the remaining balance of Fletcher's Auto Body's minimum purchase requirement of $1,346,000.00.

35. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Troy Fletcher's breach of his obligations pursuant to the Personal Guaranty in the Requirements Agreement has resulted in damages to BASF in the amount of $1,500,089.43.

## COUNTS III & IV

### Unjust Enrichment and Quantum Meruit Against Defendants

36. BASF incorporates by reference the allegations contained in the above paragraphs.

37. Defendants have received the benefit of the Contract Fulfillment Consideration provided by BASF to or on behalf of Fletcher's Auto Body.

38. The fair market value of the use of the Contract Fulfillment Consideration provided by BASF is at least $230,180.50, exclusive of costs, expenses, and attorneys' fees.

39. Defendants have not provided repayment of the Contract Fulfillment Consideration to BASF.

40. Defendants have retained the benefit of the Contract Fulfillment Consideration provided by BASF, which has resulted in an inequity to BASF in the amount of $230,180.50.

41. BASF is entitled to recover from Defendants the Contract Fulfillment Consideration in the amount of not less than $230,180.50 and for other benefits provided at BASF's expense for which no compensation has been provided.

42. Defendants are liable to BASF in the amount of not less than $230,180.50 or such other amount as may be established by the evidence.

## COUNT V

### Declaratory Relief Against Fletcher's Auto Body

43. BASF incorporates by reference the allegations contained in the above paragraphs.

44. BASF requests a judicial declaration of BASF's and Fletcher's Auto Body's respective rights under the Requirements Agreement.

45. An actual dispute and justiciable controversy presently exists between BASF and Fletcher's Auto Body concerning their rights and obligations under the Requirements Agreement. Fletcher's Auto Body contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Fletcher's Auto Body is in breach of the Requirements Agreement.

46. A judicial declaration is necessary to establish BASF's and Fletcher's Auto Body's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

47. BASF demands a trial by jury on all counts and as to all issues.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $1,500,089.43. together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs, disbursements and expenses, including reasonable attorneys' fees; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ William A. Collins, Jr.
Thomas F. Dougall (Fed. I.D. # 5157)
William A. Collins, Jr. (Fed. I.D. #6516)
Michal Kalwajtys (Fed. I.D. #11865)
**DOUGALL & COLLINS**
1700 Woodcreek Farms Road, Suite 100
Elgin, South Carolina 29045
(803) 865-8858 (TEL)
(803) 865-8944 (FAX)
Attorneys for Plaintiff

August 9, 2019
Columbia, South Carolina